lease the maker, as requested, and surrenders the security of the contract of the latter to the extent of 75 per cent. of the note.

It is impossible to entertain the proposition that the defendants can escape the effect of this instrument as an estoppel on the ground that they did not know what the instrument contained, unless the plaintiff himself is in some way responsible for their ignorance, and of that there is no pretense. The defendants execute the instrument of their own accord, so far as the plaintiff is concerned, and thereby induce him to relinquish his claim upon the maker of the note, in reliance upon their representation that they are liable as its indorsers, and their promise to pay it, notwithstanding his release of the maker. The case presents all the features of an estoppel, and its effect is not dependent upon the question whether the defendants knew what the instrument contained. It was their business to know, they had every opportunity to know, the plaintiff was not responsible if they did not know, and the effect upon his rights and interests was the same whether they knew or not. We think the plaintiff would have been entitled to the direction of a verdict in his favor if it had been asked for. Certainly, upon the finding of the jury that the defendants were not ignorant of the contents of the instrument signed by them, the verdict was undoubtedly correct.

There was no motion for a new trial, so that we are not permitted to inquire as to the sufficiency of the evidence upon any question submitted to the jury. The judgment appealed from must be affirmed. All concur.

---

### WOODBURY v. CONGER.

(*Supreme Court, General Term, Fifth Department.* October 23, 1891.)

ATTORNEY AND CLIENT—ACTION FOR SERVICES—BURDEN OF PROOF.

In an action for the value of plaintiff's services as an attorney for defendant, plaintiff, after proving the services and their value, need not show that they were to be gratuitous unless a recovery should be had, and compensation obtained from the other side, but the burden of proving such a defense is on defendant.

Appeal from circuit court, Erie county.

Action by William Woodbury against Ansel F. Conger for services rendered defendant as an attorney. There was a verdict for plaintiff, and from a judgment entered thereon defendant appeals. Affirmed.

Argued before DWIGHT, P. J., and MACOMBER and LEWIS, JJ.

*Adelbert Moot*, for appellant. *William Woodbury*, in pro. per.

MACOMBER, J. This action was brought to recover the value of the plaintiff's services as an attorney and counselor at law in certain litigations which he had conducted for the defendant. That the plaintiff gave evidence showing the employment, and the value of his services to be at least the amount of the verdict, admits of no doubt, and the fact is conceded by the learned counsel for the appellant. Certain exceptions, however, were taken at the trial upon which reliance is placed for a reversal of the judgment.

The first exception argued by counsel is the ruling of the court permitting the witness Wadsworth to testify, under objection and exception, concerning the connection of Joseph M. Congdon, at that time the defendant's attorney, with the case. This exception, however, must go for naught, because the witness was not permitted to give evidence of what actually took place between him and Mr. Congdon; and for the further reason that, so far as the witness did give testimony, the defendant's counsel conceded its competency by admitting that Mr. Congdon came to Buffalo, and saw Mr. Wadsworth, and had an interview with him.

The only other exception requiring notice is that relating to the burden of proof. The action, as has already been stated, was for the recovery of compensation as attorney and counselor at law under a *quantum meruit*. Hav-

ing proved the rendition of the services, and the value thereof, a presumption of law arose that the defendant had contracted to pay the amount thereof to the plaintiff. The defense, however, is that the services in the litigation were to be gratuitous, unless a recovery was had and compensation obtained from the other side. The court at the trial consistently held that the plaintiff had made out a *prima facie* case on showing the rendition of the services, and the value thereof; and held that the defense that the services were to be gratuitous, or without compensation in any event from the defendant, was an affirmative defense, which must be established by evidence adduced in support of it. It is clear that it was no part of the duty of the plaintiff at the outset to negative the proposition that the services were not to be paid for. The presumption of law, on the contrary, is that they were to be paid for. The plaintiff was called upon to prove no more than his own affirmative allegations, namely, the rendering of the services at the request or knowledge of the defendant, and the value thereof. He was not required to give evidence of the negative character mentioned, for the reason that it was no part of his case to exclude the independent and affirmative defense. The plaintiff has, by a fair preponderance of the evidence, established his side of the case; consequently the verdict of the jury was correct, and should be affirmed. All concur.